United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50442
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR GIBBS, also known as Bossman,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-2084-12-DB
--------------------

Before SMITH, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Victor Gibbs, also known as Bossman, appeals his conviction after a jury trial of conspiring to possess with intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana and conspiring to launder monetary instruments, in violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 1956.

Gibbs argues that the district court erred when it allowed lay witness testimony by Richard Seabrooks regarding whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gibbs' voice, heard on an exemplar recorded by law enforcement agents, was the voice of "Bossman," who spoke only through wire tap tapes and whose conspiracy involvement is undisputed. Seabrooks was familiar with Gibbs' voice through prior dealings with Gibbs. His testimony was limited to opinions and/or inferences that were rationally based on his own perception, his testimony was helpful to a clear understanding of a fact in issue, i.e. whether Gibbs was, in fact, "Bossman," and his testimony was not based on scientific, technical, or other specialized knowledge within the scope of FED. R. EVID. Rule 702, testimony by experts. Therefore, Seabrooks' testimony did not run afoul of FED. R. EVID. 701. Moreover, the rules of evidence allow voice identification "by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." FED. R. EVID. 901(b)(5). Seabrooks' voice identification was provided after Seabrooks' familiarity with Gibbs' voice was established. Therefore, his opinion was admissible, and arguments regarding the testimony go to the testimony's weight, not admissibility. See United States v. Lampton, 158 F.3d 251, 259 (5th Cir. 1998).

Gibbs also argues that Seabrooks' identification testimony violates due process because the identification procedure was impermissibly suggestive and presented a substantial likelihood of misidentification because Seabrooks was an FBI agent. However, the jury did not learn that Seabrooks was an FBI agent,

and there is nothing inherently suspect regarding an in-court voice identification by an FBI agent whose testimony otherwise complies with the Federal Rules of Evidence. Although Seabrooks' in-court identification was made approximately nine years after Seabrooks heard Gibbs' voice, this fact was elicited from Seabrooks during cross-examination and thus was available for the jury to consider.

Additionally, during the trial, the exemplar and numerous wiretap recordings were played for the jury, and the recordings were admitted into evidence. The jurors were free to evaluate the similarity of Bossman's voice and Gibbs' voice and use their opinion to assess Seabrooks' testimony. Therefore, Seabrooks' testimony did not violate Gibbs' due process rights. See, e.g., Neil v. Biggers, 409 U.S. 188, 199 (1972) (analyzing totality of circumstances to evaluate due process concerns raised by identification testimony). Based on the foregoing, the district court did not abuse its discretion when it admitted Seabrooks' testimony. See United States v. Virgen-Moreno, 265 F.3d 276, 295 (5th Cir. 2001).

Gibbs argues that the voice identification evidence is insufficient to support the verdict. It was for the jury to determine the weight to accord Seabrooks' voice identification testimony. United States v. Cuesta, 597 F.2d 903, 915 (5th Cir. 1979). Additionally, the jury heard the exemplar and numerous wiretap phone conversations in which Bossman spoke, and the

recordings were admitted into evidence.  Thus, the jury was free to make its own determination whether the voice on the exemplar and the wiretap phone conversations belonged to the same man. This court does not substitute its opinion for that of the jury in a sufficiency review.  See United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997).  Based on the foregoing, a reasonable jury could find that the evidence established Gibbs' guilt beyond a reasonable doubt.  United States v. Gonzalez-Rodriguez, 966 F.2d 918, 920 (5th Cir. 1992).

Gibbs also argues that the district court erred when it determined that he was an organizer or leader of criminal activity and added four levels to his base offense level pursuant to U.S.S.G. § 3B1.1(a).  While Gibbs argues that the presentence report (PSR) contains only conclusional statements regarding his role, Gibbs fails to identify any PSR paragraph that sets forth erroneous facts.  Contrary to Gibbs' argument, the PSR contains numerous uncontested facts that indicate the adjustment was warranted.  Therefore, the district court did not err when it concluded that Gibbs was an organizer or leader of a conspiracy involving five or more participants and sentenced Gibbs accordingly.  See United States v. West, 58 F.3d 133, 138 (5th Cir. 1995).

The judgment of the district court is therefore AFFIRMED.